## HELD AT HARTFORD, FOR THE COUNTIES OF HARTFORD, LITCHFIELD, WINDHAM, MIDDLESEX AND TOLLAND,

ON THE SECOND TUESDAY OF JANUARY, 1882.

Present,

PARK, C. J., CARPENTER, PARDEE, LOOMIS AND GRAN-
GER, JS.

---

### JASON J. POTTER *vs.* SAMUEL J. SANBORN.

The continuance of suits of foreign attachment where the defendant is
not in this state, is governed by Gen. Statutes, p. 419, sec. 19, and not by
the 20th section of that statute.

The expression "if the defendant is not in this state," in the 19th section,
was intended to apply to a defendant residing out of the state, and not
to an inhabitant of the state temporarily absent.

WRIT OF ERROR from the judgment of a justice of the
peace; brought to the Superior Court for Windham County,
and reserved by that court for the advice of this court.
The case is fully stated in the opinion.

*T. E. Graves*, for the plaintiff in error.

*J. J. Penrose* and *E. M. Warner*, for the defendant in
error.

LOOMIS, J.   The record upon which the writ of error now
under consideration is founded, shows that a suit by process
of foreign attachment was brought by Sanborn against
Potter, both residents of Coventry in the state of Rhode

Island, returnable before a justice of the peace, in the town of Sterling in this state, on the 25th day of June, 1878. The garnishee, upon whom service was made, resided in this state, but no service was made upon the defendant. On the return day the plaintiff appeared, but no appearance was made in behalf of the defendant or the garnishee. The court found that the defendant had actual notice of the pendency of the suit, and thereupon rendered judgment by default against him, without adjourning the case as provided in General Statutes, p. 419, section 19.

It is evident that the justice assumed that the 20th section of the same statute controlled the case, instead of the 19th section; and the validity of the judgment depends entirely on the question whether the 19th or the 20th section is applicable to the case.

We think the 19th section governs. The language is very explicit as regulating the proceedings "in all suits by foreign attachment," and the section is specially and exclusively devoted to this peculiar action. It not only provides for the proceedings in all courts having regular terms, but also provides that when the action is brought before a justice of the peace, in case the defendant shall not be in this state, and no attorney or garnishee appears to defend, such justice of the peace shall adjourn the cause for not less than three nor more than nine months."

This provision was made a part of the statutes relative to foreign attachment in the year 1797, (see Compilation of 1805, p. 470,) and the identical language has been retained in all the revisions since that time; and until the revision of 1875 it has always been found in immediate connection with the other statutes relating to foreign attachment and under that distinct title. Revision of 1821, p. 240; Compilation of 1838, p. 288; Revision of 1849, p. 116; Compilation of 1854, p. 131; Revision of 1866, p. 67.

For the first time, in the revision of 1875, the provision in question was separated from other acts of its title and placed where it now appears, in the chapter entitled "Parties and Appearance," but it is still to be construed

just as it would have been if retained under its special title. It still directs the proceedings in every case of foreign attachment.

The 20th section first appears in the revision of 1821, p. 39, sections 15 and 16, under the title "Actions Civil," under which title it has always been found.

Its language, "every action brought before a justice of the peace," we concede is broad enough to include foreign attachment, but when we find that the statutes provide for the latter as a peculiar action governed by its own special rules, it would seem very unreasonable to subject it also to the still further and inconsistent regulations that apply to actions generally. The 19th section provides that in all suits by foreign attachment, if the defendant does not appear the garnishee may appear and defend him, and the continuance or adjournment provided for depends on the fact whether the garnishee appears and defends or not; but in the 20th section no reference whatever is made to a garnishee or his appearance, and if foreign attachment is also included, as claimed, then if the defendant is not an inhabitant or resident of the state and has no actual notice, it would be the duty of the justice to adjourn the case not less than three nor more than nine months, although the garnishee should actually appear and make defence to the suit.

The defendant attempts to give independent scope and consistency to the two sections under consideration, by construing the phrase "not in this state" as applicable only to inhabitants of this state temporarily absent. But there is no warrant for such a restricted meaning. Inhabitants and residents of another state surely are persons that can be most naturally characterized as "not in this state." It is very strange that a statute should so long exist, making such very particular provision for debtors temporarily absent who would be quite likely to hear of the pendency of the suit, and overlook entirely in the same connection those who were not inhabitants of the state at all and who would probably receive no notice of the suit.

Potter *v.* Sanborn.

The phrase "not in this state," is the only expression found in any statute relating to the continuance or adjournment of cases of foreign attachment from the year 1784 to the present time, and it has always been understood as including persons not inhabitants or residents of the state. See the preamble to the original act in the statutes of 1784.

In *Strong* v. *Barlow*, Kirby, 376, decided in 1788, the judgment of the Court of Common Pleas was reversed because it had rendered judgment at the first term in a suit by foreign attachment against one not an inhabitant of the state. The duty of the court to have continued the case was predicated wholly on the expression we are considering. There was no controversy or doubt that the defendant, being an inhabitant of another state, was therefore "not in this state." This was assumed to be too clear for argument. The question was whether the court below was relieved from the duty to continue the case by the fact that the garnishee had appeared at the first term and had made defence for the original debtor. It was held that the statute as it then existed did not authorize the garnishee to appear in such a case, and hence it did not fall within the exception mentioned as authorizing judgment at the first term, but that the court should have continued the case under the general provision referred to. See also Swift's System, vol. 2, p. 178, where Judge SWIFT, in reciting the substance of the provision referred to, says—"but if the defendant be not of this state," &c.

We advise the Superior Court that there is manifest error in the judgment complained of, and that it should be reversed.

In this opinion the other judges concurred.